June 14, 1977

## 77-37  MEMORANDUM OPINION FOR THE DIRECTOR OF THE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

### Request of a Federal Employee—Appearance on Behalf of His Daughter in IRS Audit

This is in response to your request for our views as to whether Mr. A, an employee in the office of a United States Attorney, may appear on behalf of his daughter in an Internal Revenue Service (IRS) office audit of her tax return. It appears that Mr. A prepared his daughter's tax return based on information she supplied to him.

A Federal employee is prohibited by 18 U.S.C. § 205(2) from acting "as agent or attorney" for anyone, otherwise than in the proper discharge of his official duties, before any agency or court in connection with any matter in which the United States is a party or has a direct and substantial interest. This provision has not been construed to prohibit a Federal employee from assisting another person in the preparation of a tax return, but it does generally prohibit a Federal employee from representing the taxpayer in subsequent administrative or judicial proceedings involving the tax return.

However, 18 U.S.C. § 205 contains an exception permitting an employee to act as agent or attorney, with or without compensation, for his or her parents, spouse, or child, except in matters in which he or she has participated personally and substantially or are under his or her official responsibility. It does not appear that Mr. A participated as a Government employee in matters relating to his daughter's tax return. He is a collecting agent after a civil or criminal judgment or fine has been imposed, but he would not appear to have any "official responsibility" within the meaning of 18 U.S.C. § 202(b) for IRS audits or other administrative proceedings relating to tax collection. Therefore, it is our opinion that Mr. A's representation of his daughter in the audit and related administrative proceedings is permitted by 18 U.S.C. § 205. However, the statute and Department of Justice regulations require Mr. A to receive the approval of the U.S. Attorney before he appears on his daughter's behalf. *See* 28 CFR 45.735-6(d).

It is not apparent from the materials you sent to us whether Mr. A is employed as an attorney in the U.S. Attorney's Office, so that the practice of law is his profession within the meaning of 28 CFR 45.735–9(a). If so, his representation of his daughter would presumably constitute outside practice of law, requiring the approval of the Deputy Attorney General under 28 CFR 45.735–9(c).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
